IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GUARANTEED RATE, INC., <br>     a Delaware banking institution <br><br>                               Plaintiff, <br>     v. <br><br> WARREN BARR, ANTHONY LUPESCU, 13th&State, LLC, RENAISSANT DEVELOPMENT GROUP, LLC, RENAISSANT MANAGEMENT GROUP, INC., RICHARD BORKOWSKI, JOHN BORKOWSKI, EDWARD BORKOWSKI, RJE INVESTMENTS, LLC, JIM CARROLL, VASILE SAVA, GLOBAL FINANCING INVESTMENTS, CORP., ASIF ASLAM, ASLAM GROUP, INC., JEFFREY BUDZIK, BUDZIK & DYNIA, LLC, TRACY CAGALA, STEWART TITLE GUARANTY COMPANY, ROBERT LATTAS, LATTAS LAW, LLC, a/k/a the LAW OFFICES of ROBERT D. LATTAS, HYUN SOOK KIM, ABDUR RAHMAN, IQBAL WASEEM, MICHELLE DRUSKA, ROBERT J. JILEK, and SOUTHWEST APPRAISAL & CONSULTING, INC. <br><br>                               Defendants. | No. 12-cv-5362 <br><br> Judge Virginia Kendall |

**PLAINTIFF GUARANTEED RATE, INC.'S MOTION
TO ENFORCE THIS COURT'S DECEMBER 12, 2012 ORDER AND
FOR ISSUANCE OF RULE TO SHOW CAUSE AGAINST WARREN BARR**

Plaintiff Guaranteed Rate, Inc. ("GRI") submits this motion to enforce this Court's December 12, 2012 Order awarding GRI its attorneys' fees incurred in connection with its motion for default and Warren Barr's ("Barr") motion to vacate and for the issuance of a rule to show cause against Barr. In support of this motion, GRI states as follows:

    1.    On October 30, 2012, this Court entered an Order of Default against Barr [Doc. No. 119].

15371080v.1

2. On November 2, 2012, Barr filed a Motion for Leave to Appear, Vacate Default, and For Extension of Time to Answer (the "Motion to Vacate") [Doc. No. 124]. On November 5, 2012, GRI filed a response in opposition to the Motion to Vacate [Doc. No. 126].

3. On December 12, 2012, this Court entered its Memorandum Opinion and Order in connection with the above-captioned matter. A portion of the Order addressed Barr's Motion to Vacate, which was granted (the "Order") [Doc. No. 141].

4. The Court's Order provides in pertinent part as follows:

> [T]he Court recognizes that Guaranteed Rate's counsel was forced to unnecessarily expend time and effect resources as a result of Barr's inattention to this case. Had Barr acted in a timely fashion, Guaranteed Rate would not have had to move for default or respond to Barr's Motion to Vacate. Therefore, **the Court awards Guaranteed Rate their actual attorneys' fees and costs associated with filing their Motion for Default and response to Barr's Motion to Vacate Default Judgment.**

(Doc. No. 141, Order, p. 39) (emphasis added).

5. On February 21, 2013, Guaranteed Rate's counsel, pursuant to this Court's Order, requested that Barr reimburse GRI $4,815.00, the actual attorneys' fees it incurred in connection with the Motion for Default and Barr's Motion to Vacate (GRI's February 21, 2013 letter to Joseph T. Gentleman, Ex. 1).

6. Barr's counsel of record, Joseph T. Gentleman ("Gentleman"), failed to respond to GRI's February 21, 2013 letter.

7. On March 6, 2013, GRI's counsel again requested a response from Mr. Gentleman regarding Barr's court-ordered obligation to reimburse GRI for the attorneys' fees it incurred in connection with the Motion for Default and the Motion to Vacate (GRI's March 6, 2013 e-mail to Gentleman, Ex. 2).

15371080v.1

8. On March 11, 2013, Gentleman responded to GRI's request for reimbursement of its actual attorneys' fees associated with the Motion for Default and Motion to Vacate. Among the specious, defamatory and outlandish claims made in his response,[1] Gentleman denied any obligation to reimburse GRI for the actual attorneys' fees it incurred in connection with the two motions; a position contrary to the express terms of this Court's Order (Gentleman's March 11, 2013 e-mail, Ex. 2).

9. As of the date of the filing of this motion, Barr has not complied with his court-ordered obligations and has expressly rejected this Court's authority to award GRI its actual attorneys' fees.

WHEREFORE, Guaranteed Rate, Inc., respectfully requests the following relief:

(a) That this Court enforce its December 12, 2012 Order against Warren Barr which required him to reimburse Guaranteed Rate, Inc. for its actual attorneys' fees and costs, in the amount set forth above, associated with the Motion for Default and the Motion to Vacate;

(b) That this Court direct Warren Barr to show cause why he should not be held in contempt for his violation of this Court's December 12, 2012 Order;

(c) That this Court award Guaranteed Rate, Inc. its attorneys' fees and costs associated with this motion; and

(d) That this Court order such other and additional relief as this Court may deem just and proper.

---

[1] In his March 11, 2013 e-mail, Gentleman threatened GRI and its attorneys with Rule 11 sanctions if they brought this very motion, opined that GRI's attorneys have committed legal malpractice, and threatened GRI and its attorneys with a second Rule 11 motion if GRI were to continue to litigate this matter. This threat was previously made by Gentleman in connection with his Reply in support of his Motion to Vacate [Doc. No. 131] after GRI pointed out false statements and inaccuracies in the pleading which was signed under oath by Mr. Gentleman.

4

                                                  Respectfully Submitted,

                                                  GUARANTEED RATE, INC.


                                                  By: <u>/s/ Louis S. Chronowski</u>
                                                           One of Its Attorneys

Louis S. Chronowski
SEYFARTH SHAW LLP
131 South Dearborn Street
Chicago, Illinois 60603
(312) 460-5000

Clayton E. Hutchison
Richard J. Cunningham
GUARANTEED RATE, INC.
3940 N. Ravenswood
Chicago, IL 60613
(773) 290-0352

15371080v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2013, I electronically filed the foregoing **PLAINTIFF GUARANTEED RATE, INC.'S MOTION TO ENFORCE THIS COURT'S DECEMBER 12, 2012 ORDER AND FOR ISSUANCE OF RULE TO SHOW CAUSE AGAINST WARREN BARR** with the Clerk of the Court using CM/ECF which will send electronic notice to all parties who have filed appearances in this matter and to the following by U.S. Mail, first class:

>Vasile Sava
>4057 N. Central Park Avenue
>Unit G
>Chicago, IL 60618

By: s/ Louis S. Chronowski

15371080v.1